# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTHONY LAWRENCE LAROCHE, )
)
    Movant, )
)
v. )   Case No. CV407-054
)   [underlying CR402-234]
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Anthony LaRoche has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government opposes the § 2255 motion. (Doc. 7.) For the following reasons, his motion should be **DENIED**.

## I.   BACKGROUND

A federal grand jury indicted LaRoche on one count of unlawful possession of a firearm by a convicted felon (as an armed career criminal)

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-054. "Cr. Doc." refers to documents filed under movant's criminal case, CR402-234.

and one count of unlawful possession of a stolen firearm.  (Cr. Doc. 1.) LaRoche entered a negotiated plea of guilty to the second count, unlawful possession of a stolen firearm.  (Cr. Docs. 38 & 39.)  On February 3, 2003, the Court sentenced LaRoche to 120 months' imprisonment, three years' supervised release, and assessed him $100.  (Cr. Doc. 40.)

LaRoche did not immediately appeal his conviction and sentence.  But he later sought and received an out-of-time direct appeal pursuant to an earlier 28 U.S.C. § 2255 motion.  (Cr. Docs. 68 & 70.)  On March 13, 2006, the Eleventh Circuit affirmed his conviction and sentence.  United States v. LaRoche, 170 F. App'x 124 (11th Cir. 2006).

LaRoche is currently incarcerated at the United States Penitentiary in Atlanta.  (Doc. 4 at 4.)  His timely 28 U.S.C. § 2255 motion was filed on May 7, 2007,[2] asserting that:

---

[2] The present § 2255 motion was originally filed as a § 2241 petition.  (Doc. 1.) On May 12, 2008, the Court notified LaRoche, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), that it must construe the petition as a motion pursuant to § 2255 because he did not qualify under the § 2255(e) savings clause, which permits a movant to proceed under § 2241 if a motion under § 2255 would be inadequate or ineffective to test the legality of his detention.

LaRoche objected to the recharacterization but refused to withdraw his petition.  (Doc. 5.)  He contends that § 2255 is just a motion and that forcing him to seek relief under § 2255 violates his constitutional rights.  (Id.)  The Supreme Court has indicated that § 2255 is intended to be as broad as habeas corpus, and it permissibly replaces common law habeas corpus proceedings unless a remedy under the statute would be inadequate or ineffective.  See United States v. Hayman, 342 U.S. 205, 217 (1952);

2

(1) Congress violated his constitutional right under the Second Amendment to keep and bear arms;

(2) Congress violated his constitutional rights to due process and equal protection of the law by legislating and enforcing laws in direct violation of the Tenth Amendment;

(3) the sentencing court violated his Sixth Amendment rights as explained in the <u>Booker</u> decision; and

(4) the government attorneys denied him a fair appeal by tampering with and altering his Rule 11 and sentencing transcripts.[3]

(Doc. 1.) The government responded in opposition on June 24, 2008.[4] (Doc. 7).

---

<u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255 passes constitutional muster, and this Court must apply it absent authority to the contrary.

LaRoche also argues that the remedies under § 2255 are different from those available under § 2241. (Doc. 5.) As noted by the Supreme Court in <u>Hayman</u>, the remedies in a case like this are no different from those available in traditional habeas corpus proceedings. 342 U.S. at 217. Consequently, his objection to the recharacterization is noted, but it is **DENIED**.

[3] LaRoche also contends that no act of Congress can authorize a violation of the United States Constitution, nor can congressional codes, statutes, or acts enlarge or contract the Constitution. (Doc. 1 at 6.) This is a statement of a legal principle, not a ground for relief. The Court declines to address it as it is conclusory and irrelevant.

[4] Due to an unfortunate clerical oversight, LaRoche's motion was not served on the government until May 28, 2008. (Doc. 6.)

3

## II. ANALYSIS

### A. Procedural Default

Ground 3, LaRoche's Booker claim, is procedurally defaulted and therefore barred from habeas review. In Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004), the Eleventh Circuit explained that "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234. On appeal, LaRoche argued that the district court was without jurisdiction to convict him under 18 U.S.C. § 922(j) because that statute: (1) exceeded Congress' authority under the Commerce Clause, and (2) was not a bona fide act of Congress since it did not contain an enacting clause. LaRoche, 170 F. App'x at 125. He now contends that the sentencing court violated his Sixth Amendment rights as explained in the Booker decision.[5]

---

[5] LaRoche also failed to raise the following grounds on direct appeal: (1) that the criminal statute violated his constitutional right under the Second Amendment to keep and bear arms, and (2) that the statute violated his constitutional rights to due process and equal protection of the laws by legislating and enforcing such a law in direct violation of the Tenth Amendment. (Doc. 1 at 6.) As these grounds attack the subject matter jurisdiction of the Court, the procedural default rule does not apply. "[J]urisdictional defects are always subject to attack under Section 2255 . . . ." Thor v. United States, 554 F.2d 759, 762 (5th Cir. 1977); Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998) (jurisdictional defects cannot be procedurally defaulted); St. Pierre

4

(Doc. 1 at 6.) Because he did not raise his claim on direct appeal, it is barred from habeas review absent a showing that some exception to the procedural bar applies.[6] Lynn, 365 F.3d at 1234.

A § 2255 movant can avoid the procedural default rule by establishing either (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, or (2) a constitutional error that probably "resulted in the conviction of one who is actually innocent." Id. (citations and quotation marks omitted). As LaRoche makes no claim of actual innocence, this ground is barred unless he can show cause and prejudice. "[T]o show cause for procedural default, [the movant] must show that some objective factor external to the defense prevented [movant] or his counsel from raising claims on direct appeal and that this factor cannot be fairly attributed to [the movant's] own conduct." Id. at 1235. "Examples of external impediments which have been found to constitute cause in the

---

v. United States, 2005 WL 2126955, at *5 (M.D. Fla. Sept. 1, 2005) ("[t]he lack of subject matter jurisdiction is cognizable in a § 2255 proceeding because such jurisdictional matters can always be raised by some vehicle").

[6] Because of the odd procedural posture of this case, the Court notes that Booker was decided on January 12, 2005. United States v. Booker, 543 U.S. 220 (2005). LaRoche filed his appeal on August 5, 2005. (Cr. Doc. 70.) Consequently, LaRoche could have raised Booker on appeal.

procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3d Cir. 1992) (citations omitted). Here, movant does not allege that any external impediment prevented him from raising this claim on appeal.[7] Consequently, he has not shown cause for his procedural default. Ground 3 is therefore procedurally defaulted and should be denied.[8]

**B.    Jurisdictional Defects**

LaRoche contends that the district court lacked jurisdiction to convict him because the criminal statute in question, 18 U.S.C. § 922(j), violates his Second Amendment right to keep and bear arms.  (Doc. 1 at 6.)

---

[7] In his remaining ground for relief, LaRoche alleges that government attorneys tampered with his sentencing and Rule 11 transcripts before his appeal. (Doc. 1 at 6.) As that claim is without merit, it cannot establish cause for LaRoche's procedural default.

[8] The government did not raise procedural default in its response. (Doc. 7.) Procedural default is an affirmative defense, which the government waives by failing to raise. 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure § 596.1 (3d ed. 2004). Nevertheless, the Court is authorized to raise the issue *sua sponte*. See Essinger v. Davis, 44 F.3d 1515, 1524-25 (11th Cir. 1995); Yeats v. Angelone, 166 F.3d 255, 262 (4th Cir. 1999) (collecting cases from the First, Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits holding that a court may raise a procedural default in the habeas context *sua sponte*).

Additionally, he contends that the Congress enacted the statute in direct violation of the Tenth Amendment. (Id.)

Section 922(j) criminalizes traffic in stolen firearms.[9] LaRoche contends that the statute violates his Second Amendment right to bear arms. (Doc. 1 at 6.) The Second Amendment provides for an individual right to bear arms, but "the right secured by the Second Amendment is not unlimited . . . . [T]he right [is] not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." District of Columbia v. Heller, No. 07-290, 2008 WL 2520816, at *28, ___ U.S. ___ (June 26, 2008) (citations omitted). In Heller, the Supreme Court explicitly stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places . . . or laws imposing qualifications on the commercial sale of arms." Id.

---

[9] "It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen." 18 U.S.C. § 922(j).

Section 922(j) clearly imposes qualifications on the commercial sale of arms. So based upon Heller, the Second Amendment is not *per se* violated by a statute of this type. Furthermore, § 922(j) in no way limits the rights of law-abiding individuals to purchase and possess firearms through normally accepted methods of commerce; it merely limits the trade of illegally acquired weapons. Such reasonable and necessary limitations are certainly constitutional, and LaRoche presents the Court with no authority to the contrary (as there is none). His conclusory contention borders on the absurd and is entirely without merit.

LaRoche's Tenth Amendment claim is similarly meritless. It is well established that "[w]hen Congress acts within its power under the Commerce Clause, then the 'Tenth Amendment expressly disclaims any reservation of that power to the States.'" United States v. Wright, 117 F.3d 1265, 1268 (11th Cir. 1997) (quoting New York v. United States, 505 U.S. 144, 153, 112 S.Ct. 2408, 2417 (1992)). Therefore, the necessary inquiry is whether Congress acted within its power under the Commerce Clause when it enacted § 922(j). On direct appeal, the Eleventh Circuit addressed LaRoche's challenges to the authority of Congress under the Commerce

Clause. LaRoche, 170 F. App'x at 124. The Court determined that Congress has authority under the Commerce Clause to regulate firearms if there is a "minimal nexus" between the firearm and interstate commerce. Id. (citing Scarborough v. United States, 431 U.S. 563, 575 (1977)). The Court also pointed out that it had previously determined that § 922(j) was a proper exercise of Congress' authority under the Commerce Clause. Id. Consequently, as Congress acted within its authority under the Commerce Clause in enacting § 922(j), the Tenth Amendment is not implicated, so LaRoche's claim must fail.[10]

### C. Government Attorneys' Alleged Tampering with Rule 11 and Sentencing Transcripts

LaRoche finally contends that the government's attorneys denied him a fair appeal by tampering with his Rule 11 and sentencing transcripts. (Doc. 1 at 6.) He provides no specific facts in support of his tampering allegation, and "[t]he law does not require a federal habeas court to hear a claim based entirely on conclusory allegations wholly devoid of specifics."

---

[10] Furthermore, since LaRoche's current claim rehashes his prior arguments, the Court cannot consider it on collateral attack. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000).

Jones v. Crosby, 2006 WL 890003, at *16 (M.D. Fla. Mar. 31, 2006) (citing Campell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994)). Indeed, such conclusory allegations unsupported by any facts may be denied as meritless without holding an evidentiary hearing. See Lynn, 365 F.3d at 1239; United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980). Consequently, this ground for relief is without merit and should be denied.

## III. CONCLUSION

As all of LaRoche's grounds for relief are either procedurally defaulted or without merit, his § 2255 motion should be **DENIED** and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 3rd day of July, 2008.

/s/ Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA